The cause came on to be heard before TAYLOR, C. J., at Spring Term, 1815, of Bertie Superior Court, when a motion was made to dismiss the bill as to the executors of Devan, upon the ground that they were only responsible to the administrator de bonis non of McLaughan, who is responsible to the complainants.
The motion to dismiss was overruled by the court, and from that order an appeal was brought to this Court.
We are all of opinion that the motion to dismiss the bill should be overruled. And although we hold that a creditor or next of kin cannot, without special circumstances, call upon a debtor to the estate, yet we think we are well warranted by authority and justice to entertain a bill for both against all persons in possessions of the estate or fund who have not paid for it a valuable consideration; and that in a case where such fund has been received from one who was both in law and equity a trustee, there can be no possible objection against his accounting.
In this case, upon the death of McLaughan, who was in possession of the fund as a trustee, that fund passed to his administrator, who could only stand in his shoes, and represent him in the character in which he originally stood; and upon the death of this administrator, the fund coming into the hands of his administrator could acquire no different character, but still remained, in equity, the property of complainant; and has passed on in like manner to the defendants, who have moved to dismiss the bill.
Now, the objection that the property should first come through the medium of the administrators of Blanchard, with the view of paying creditors, completely fails; because these administrators, as well as the administrators of Devan (who may assert Devan's right), are made parties, and who have it in their power to set up such (287) defense as completely as if they were the only defendants.
The case from Ch. Cases, 57, Nicholson v. Sherman, was where a legacy was devised, and testator made baron and feme his executors, and died? The baron afterwards made the feme and his son his executor, and dies. The legatee exhibited his bill against both the feme and the son, charging that the estate of the testator who devised the legacy had come to the hands of both; and upon demurrer, the same was disallowed, *Page 222 
though the want of privity in law was there urged. And to the same principle are the cases in 2 Vern., 75, and 4 Vesey, Jr., 651.*
* NOTE. — See Cannon v. Jenkins, 16 N.C. 422; Brotten v. Bateman,17 N.C. 116; Thompson v. McDonald, 22 N.C. 463.
 Cited: Taylor v. Dawson, 56 N.C. 94.